ZELL WRIGHT
v.
STEVEN H. ROSCOE, ET AL.
No. CA 08-403.
Court of Appeals of Louisiana, Third Circuit.
November 5, 2008.
NOT DESIGNATED FOR PUBLICATION
TIMOTHY GEORGE SCHAFER, SCHAFER & SCHAFER, Counsel for Defendants/Appellants, Steven H. Roscoe, Boyd Brothers Transportation Company.
MARK ALFRED ACKAL, Attorney at Law, Counsel for Plaintiff/Appellee, Zell Wright.
JONATHAN P. LEMANN, Couhig Partners, LLC., Counsel for Intervenors/Appellees, Katherine Barrett, Jerry Lane Wright, Jr.
Court composed of SYLVIA R. COOKS, MICHAEL G. SULLIVAN, and BILLY HOWARD EZELL, Judges.
EZELL, Judge.
In this matter, Steven Roscoe and Boyd Brothers Transportation Company appeal the judgment of the trial court awarding Katherine Barrett and Jerry Wright, Jr. wrongful death and survival damages for the death of their father, Jerry Wright, Sr. For the following reasons, we affirm the decision of the trial court.
On January 18, 2005, Jerry Wright, Sr. and his wife, Zell, were driving in the left-hand lane of Interstate 12 when a Boyd Brothers tractor trailer driven by Mr. Roscoe entered their travel lane, forcing them off of the road. Mr. Wright's truck hit a median crossover, forcing the vehicle into the air. The truck reentered the roadway, crossing its original lane in front of the tractor trailer, and striking a van traveling in the right-hand lane of the Interstate. The van pushed the Wrights off the road and into a tree, seriously injuring Mrs. Wright and killing Mr. Wright.
Boyd Brothers settled with Zell Wright for her injuries and for her wrongful death and survival action claims. Mr. Wright's children, Jerry, Jr. and Katherine, filed this present suit, also seeking damages for their father's wrongful death and in a survival action. After an admission of liability by Boyd Brothers, the trial court found that Jerry, Jr. and Katherine were entitled to $90,000 each in wrongful death damages and survival action damages in the total amount of $125,000. From this decision, Boyd Brothers appeals.
On appeal, Boyd Brothers asserts three assignments of error. They claim that the trial court abused its discretion in the wrongful death award; that the trial court erred in awarding survival action damages when there was no evidence of any predeath pain or fear of imminent death; and, alternatively, that the trial court erred in awarding the total amount of survival action damages to the children without deducting the share to which the surviving spouse was entitled.[1]
Boyd Brothers first claims that the trial court erred in awarding Jerry, Jr. and Katherine $90,000 each in wrongful death damages. Fact finders are given "much discretion" in assessing damages. La.Civ.Code art. 2324.1. Accordingly, appellate courts review general damage awards using the abuse of discretion standard. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Under this standard, damage amounts are "entitled to great deference on review." Trunk v. Med. Ctr. of La. at New Orleans, 04-181, p. 9 (La. 10/19/04), 885 So.2d 534, 539 (citing Wainwright v. Fontenot, 00-492 (La. 10/17/00), 774 So.2d 70). There may be opposing viewpoints on an appropriate award, but an abuse of discretion is found only if the award is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." Youn, 623 So.2d at 1261. "In effect, the award must be so high or so low in proportion to the injury that it `shocks the conscience.'" Moore v. Healthcare Elmwood, Inc., 582 So.2d 871, 879 (La.App. 5 Cir.1991).
It is clear from the record that the relationship between Mr. Wright and Jerry, Jr. and Katherine was not the typical, idyllic family scenario. Both of the children had moved out of their father's home in their teens and had not seen him in some time. Phone calls and correspondence were few and far between. Boyd Brothers claims that because of the time elapsed between visits and phone calls that the children had become estranged from their father so much that the award was an abuse of discretion. We disagree.
Boyd Brothers asserts that Mr. Wright put forth little to no effort to establish or maintain any relationship with his children. However, even if Mr. Wright had flatly rejected his children, that would not necessarily lead to the conclusion that his children did not have great love and affection for him or that they did not suffer greatly as a result of Boyd Brothers' negligence. Further, the record does not show any such rejection, but rather, that Mr. Wright was a military man who was not disposed to displays of emotion or speaking on the telephone. Testimony from Jerry, Jr. and Katherine establish that, despite the distance physically and emotionally between the father and his children, he had genuine affection for them. This is bolstered by the deposition testimony of Zell Wright, who stated she knew that, in his heart, he loved his children. Both of the children expressed a desire to be closer to their father and stated that they had been optimistic about the prospects of furthering their bonds with him, as both Mr. and Mrs. Wright had recently stopped drinking, which had caused problems in the past. Any chance of this was lost when Boyd Brothers' driver forced Mr. Wright off the road. Both Jerry, Jr. and Katherine testified that the loss of their father was devastating to them. The trial court, hearing their testimony live and in person, obviously believed them and made its ruling accordingly. The award for the loss of their father does not shock the conscience. Accordingly, it is clear from the record that the award of wrongful death damages was not an abuse of discretion.
Boyd Brothers next claims that the trial court erred in awarding survival action damages in the absence of any evidence of pre-death pain, suffering, or fear of death. "The survival action in a suit resulting from the death of a tort victim includes recovery for pain and suffering, loss of earnings and other damages sustained by the decedent up to moment of death." Prince v. Mattalino, 583 So.2d 541, 543 (La.App. 3 Cir.1991). Damages may include the decedent's pre-impact fear. Thomas v. State Farm Ins. Co., 499 So.2d 562 (La.App. 2 Cir.1986), writs denied, 501 So.2d 213, 215 (La.1987). "Damages for pain and suffering are properly awarded if there is a scintilla of evidence of any suffering or pain on the part of the deceased by his actions or otherwise." Prince, 583 So.2d at 543. "The pain and suffering of a deceased are not assumed; nonetheless, awards in survival actions have been upheld as within the trial court's discretion even in the absence of testimony of the deceased's pre-death pain." Jones v. State Through Dept. of Health andHosp., 95-1130, p. 11 (La.App. 3 Cir. 3/27/96), 671 So.2d 1074, 1080, writ denied, 96-1040 (La. 5/31/96), 674 So.2d 263.
The testimonies of Zell Wright and Johnnie Knight, a witness to the accident, established how the accident occurred. It is clear that Mr. Wright saw the tractor trailer entering his travel lane, as he honked his horn to alert Mr. Roscoe of his presence. He swerved off the road in an attempt to avoid the accident. This attempt to avoid the collision failed when Mr. Wright struck a median crossover, causing his vehicle to become airborne, cross in front of the rig, and strike the van that eventually pushed him off the road. Mr. Wright skidded through the grass and into a tree, where he was again struck by the van. The tree, truck, and van were compressed to the point that several men had to use trucks and straps to separate the vehicles. Mr. Wright died as a result of several traumatic injuries.
Considering the circumstances of the accident, the trial court could have reasonably concluded that prior to impact, Mr. Wright would have experienced significant fear and anxiety as he drifted off the roadway to avoid the collision and, at some point, realized he would not be successful in that effort. We find the award of survival action not to be an abuse of the trial court's discretion, particularly in light of the pre-impact fear Mr. Wright undoubtedly suffered. This assignment of error, therefore, lacks merit.
Finally, Boyd Brothers claims that the trial court erred in awarding Jerry, Jr. and Katherine the full amount of survival action damages, without reducing the award by the proportional interest of Zell Wright. With regard to a survival action, La.Civ.Code art. 2315.1 provides, in part, that:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
Louisiana Civil Code Article 1788 instructs that "[w]hen one obligor owes just one performance intended for the common benefit of different obligees, neither of whom is entitled to the whole performance, the obligation is joint for the obligees." Furthermore, "[w]hen a joint obligation is divisible, each joint obligor is bound to perform, and each joint obligee is entitled to receive, only his portion." La.Civ.Code art. 1789. See also Gibbs v. Magnolia Living Ctr., Inc., 38,184, p. 6 (La.App. 2 Cir. 4/7/04), 870 So.2d 1111, 1115, writ denied, 04-1148 (La.7/2/04), 877 So.2d 146 (wherein the second circuit noted that a tortfeasor's obligation to pay for survival action damages represents a single performance owed to all "survival beneficiaries and is therefore a joint obligation for the obligees. Any judgment for the payment of money damages is a divisible obligation. La. C.C. art. 1815").
The record in this case in no way indicates that the trial court failed to take into consideration the fact that Zell Wright was not included in the present suit. Moreover, the manner in which the quantum was awarded does not signal that the trial court included the Mrs. Wright's virile share in the amount. Rather, the judgment of the trial court was specific in that it ordered that the "Intervenors be awarded the sum of $125,000 for the pre-impact fear and pain and suffering endured by their father prior to his death." (Emphasis added). In short, the record fails to establish that the trial court erred in fashioning its award for the survival action. Therefore, Boyd Brothers is not entitled to any reduction for the portion due Mrs. Wright.
For the above reason, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Boyd Brothers Transportation Company.
AFFIRMED.
NOTES
[1] Boyd Brothers asserts a fourth assignment of error, that the trial court allowed its sympathy for the children to influence this award of wrongful death damages. However, as this clearly falls under the first assignment of error mentioned above, and is even briefed as such rather than as a distinct assignment of error, we will not address this assignment separately from the first.