871 So.2d 671 (2004)
Darryl M. RICHARD, Alvin Richard, Jr., Dwight Richard, Norwood M. Richard, Cathy Jean Richard Brice, Carol Ann West and Rosalind Theresa Richard on behalf of Bernice Richard
v.
TENET HEALTH SYSTEMS, INC. d/b/a Memorial Medical Center and/or Mercy Hospital of New Orleans, Inc., Dr. Russell Albright, Dr. Paul Ovide Villien, Jr., Dr. Leonard Glade and Dr. William Smith.
No. 2003-CA-1933.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 2004.
Rehearing Denied May 18, 2004.
*672 Richard L. Root, Betsy J. Barnes, Barnes & Root, L.L.C., New Orleans, LA, for Plaintiffs/Appellants.
Terry B. Deffes, Mang, Batiza, Gaudin, Godofsky & Penzato, Metairie, LA, for Defendants/Appellees, Paul Villien, M.D., Leonard Glade, M.D. and William Smith, M.D.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS Sr.).
JAMES F. McKAY III, Judge.
In this medical malpractice action, the plaintiffs, Darryl M. Richard, Alvin Richard, Jr., Dwight Richard, Norwood M. Richard, Cathy Jean Richard Brice, Carol Ann West and Rosalind Theresa Richard on behalf of Bernice Richard, appeal the trial court's maintaining of the defendants', Paul Villien, Jr., M.D., Leonard Glade, M.D. and William Smith, M.D., exception of prescription and dismissal of the plaintiffs' claims with prejudice. We affirm.

FACTS AND PROCEDURAL HISTORY
On November 27, 1992, Bernice Richard underwent a CT scan with contrast at Mercy Hospital. During the course of the procedure, Ms. Richard experienced difficulty breathing. Thereupon, Peggy Gaspard, the technician performing the procedure called the radiologist, Dr. Bernard Landry, who called a "code." Dr. Paul Villien, an emergency room physician, responded and began resuscitation efforts; Dr. Villien eventually intubated the patient. Ms. Richard was stabilized and taken up to the ICU. Ms. Richard remained in a vegetative state until she died several months later; her death was attributed to hypoxia, or a lack of oxygen to the brain. During Ms. Richard's hospitalization, she was also treated by Dr. Leonard Glade, a pulmonologist, and Dr. William Smith, a cardiologist.
The plaintiffs initially filed a complaint with the Louisiana Patient's Compensation Fund against Tenet Health Systems, Inc. d/b/a Memorial Medical Center and/or Mercy Hospital of New Orleans, Inc., Peggy Gaspard, Dr. Russell Albright, Landry-Albright Radiology Group, Dr. Curtis Bonin and several other defendants, alleging the CT scan was improperly administered and Ms. Richard died as a result. A medical review panel formed to consider the complaints against these defendants rendered its opinion on September 3, 1997, finding that all health care providers complied with the applicable standard of care.
On December 16, 1997, the plaintiffs filed suit against Dr. Albright, Dr. Bonin, *673 the Landry-Albright Radiology Group and Mercy Hospital. On January 15, 2003, the plaintiffs filed a request asking for a panel review of the medical care rendered by Dr. William Smith, Dr. Leonard Glade and Dr. Paul Villien. Drs. Glade, Villien and Smith filed an exception of prescription arguing because the claim was not filed within one year of the date of the alleged malpractice or at the very latest three years from the last date of treatment the plaintiffs' claims were prescribed on their face under La. R.S. 9:5628 and that even if the claims against the originally named defendants interrupted or suspended prescription as to alleged solidary obligors, the plaintiffs had only ninety days from the date of notice of the opinion of the medical review panel decision in September of 1997 to name any additional defendants under La. R.S. 40:1299.41(G). The trial court maintained the defendants' exception of prescription and dismissed the plaintiffs' claims with prejudice. It is from this judgment that the plaintiffs now appeal.

DISCUSSION
The issue before this Court is whether the trial court erred in maintaining the defendants' exception of prescription.[1]
La. R.S. 9:5628(A), which deals with prescription in actions for medical malpractice, provides:
No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
The plaintiffs filed their original claim against certain health care providers in 1993. The plaintiffs brought no action against Drs. Glade, Smith and Villien until January 15, 2003. Clearly, the claim against Drs. Glade, Smith and Villien was filed beyond the one year and three year dates set forth in La. R.S. 9:5628. As such the claims against these defendants are prescribed on their face and the burden of proof shifts to the plaintiffs to show interruption or suspension. See Tullier v. St. Francis Cabrini Hosp., 96-738 (La.App. 3 Cir. 2/5/97), 689 So.2d 529. The plaintiffs argue that the original claim filed in 1993 interrupted prescription as to Drs. Glade, Smith and Villien because they are solidarily liable with the original defendants. However, this assertion is in conflict with La. R.S. 40:1299.41(G).
La. R.S. 40:1299.41(G) provides:

*674 Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
La. R.S. 40:1299.47(A)(2)(a) provides:
The filing of the Request for a Review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until 90 days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until 60 days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a Request for Review of a Claim shall suspend the running of prescription against all joint and solidary obligors and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the Request for Review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription.
In the instant case, the plaintiffs had only until 90 days after notice of the rendition of the opinion of the original medical review panel to file a complaint against any solidary obligors. That panel met and rendered an opinion on September 3, 1997. Accordingly, prescription against any alleged joint tortfeasor or solidary obligor was suspended only for 90 days following notification, by certified mail, to the claimant or his attorney of the issuance of the opinion by the medical review panel. Counsel for plaintiffs was notified of the opinion of the medical review panel against the original defendants on September 8, 1997. However, the plaintiffs waited over five years after the opinion of that medical review panel to name Drs. Glade, Smith and Villien. Therefore, we find no error in the trial court's maintaining of the defendants' exception of prescription and dismissal of the plaintiffs' claims with prejudice.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In their brief, the plaintiffs rely on Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986) and White v. West Carroll Hospital, 613 So.2d 150 (La.1992) to argue that interruption of prescription in medical malpractice cases is governed by the general civil code articles. However, both of these cases were decided before LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, a decision which changed the way courts analyze prescription issues in medical malpractice cases. The issue in LeBreton was whether the rules governing prescription in the Medical Malpractice Act rather than the general rules of prescription should apply. LeBreton and the cases following it recognize that the legislature has established special rules for prescription under the Medical Malpractice Act. Consequently, the general rules of prescription do not apply.