McKAY III, Chief Judge.
| ¶ Defendant, Louisiana State University Health Science Center (“LSUHSC”), initially applied for supervisory writs with this Court, seeking to reverse the judgment of the trial court denying its exception of prescription with regard to the plaintiffs’ medical malpractice claim. This Court denied the writ application, finding that LSUHSC had an adequate remedy on appeal. LSUHSC then applied for a writ of certiorari with the Louisiana Supreme Court. The writ to the Supreme Court was granted, and the case was remanded to us for briefing, oral argument, and opinion. For the reasons that follow, we affirm the trial court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Plaintiffs’ sixteen year old daughter, Gabrielle Gettys, died at Children’s Hospital on December 12, 2008. On December 7, 2009, with six days remaining on the one-year prescriptive period, plaintiffs in *462 stituted a medical review panel complaint against Dr. Joaquin Wong, Dr. Valentine Enemuo, Dr. Constantine Dimitriades, and Children’s Hospital. The medical review panel rendered its opinion on March 29, 2011, finding no breach of the standard of care. Notice of the opinion was issued on April 19, 2011.
|2The instant medical malpractice lawsuit was timely filed against Dr. Wong, Dr. Enemuo, and Children’s Hospital on May 24, 2011. On September 28, 2011, plaintiffs filed a supplemental petition adding LSUHSC, Dr. Wong’s employer, as a defendant. In response, LSUHSC filed an exception of prescription, arguing that the supplemental petition adding LSUHSC as a defendant was filed beyond the one-year prescriptive period and the ninety-day suspension period provided by the Medical Malpractice Act (“MMA”) La. R.S. 40:1299.39 et seq., and the provisions of La. R.S. 9:5628, which delineate liberative prescription applicable to actions for medical malpractice under Title 40.
Plaintiffs opposed the exception, asserting that the timely filed suit against Dr. Wong interrupted prescription as to LSUHSC based on its vicarious liability as Dr. Wong’s employer. The trial court rejected the plaintiffs’ argument and granted the exception of prescription, dismissing LSUHSC from the case.
The matter proceeded to trial on April 15, 2013. At that time, defense counsel sought dismissal of the case against Dr. Wong pursuant to Detillier v. Kenner Regional Medical Center, 2003-3259, p. 16 (La.7/6/04), 877 So.2d 100, 111, wherein the Supreme Court held that “in a medical malpractice suit brought against the state and a qualified state health care provider, if the court finds the state health care provider committed medical malpractice, judgment must be entered against the state alone.” (Emphasis added).
In the present case, because LSUHSC was no longer a party, there was no entity against whom a judgment could be rendered if Dr. Wong was found to be at fault. For that reason, the trial court declined to dismiss Dr. Wong, and instructed plaintiffs to file the necessary pleadings to correct the procedural posture of the | Scase. Plaintiffs responded with a motion to reconsider LSUHSC’s exception of prescription.
The trial court granted plaintiffs’ motion to reconsider, reversed her previous ruling, and denied LSUHSC’s exception of prescription. LSUHSC’s supervisory writ to this Court was denied. Now, on remand with instructions from the Louisiana Supreme Court, we consider the merits of the trial court’s ruling.
ANALYSIS
On appeal, LSUHSC asserts two assignments of error: 1) the trial court erred in granting plaintiffs’ motion for reconsideration because plaintiffs presented no new evidence or adequate legal grounds for a new trial; and 2) the trial court erred in denying the exception of prescription because the MMA provides that a timely filed suit does not interrupt prescription against joint and solidary obligors.

1. New Trial

LSUHSC submits that a judgment sustaining an exception of prescription is a final and appealable judgment, and because the trial court’s April 5, 2013 judgment granting the exception of prescription was a final judgment, the motion for reconsideration must be treated as a motion for new trial. LSUHSC argues that plaintiffs did not meet the standards for granting a new trial pursuant to La. C.C.P. articles 1972 and 1973. We find no merit in this assignment of error.
*463 La. C.C.P. art. 1972 specifies three peremptory grounds upon which a new trial “shall” be granted, namely: (1) when the verdict or judgment appears clearly contrary to the law and the evidence; (2) when a party has discovered new evidence important to the cause which he could not, with due diligence, have discovered prior to trial; and (3) when the verdict has been tainted by juror bribery or juror misconduct. La. C.C.P. art. 1973 provides discretionary grounds for the | ¿trial court to grant a new trial, and states that “[a] new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law.”
In this case, it is clear from the record that the trial court granted plaintiffs’ “new trial” or motion for reconsideration to correct what was believed to be a miscarriage of justice given the procedural posture of the case. The trial court reasoned that her initial granting of the exception of prescription was wrong because the state is the only entity against whom plaintiffs can get a judgment. Thus, to allow the plaintiffs the ability to proceed forward with their case, the motion to reconsider was granted. Under the circumstances, we find no abuse of discretion in that ruling.
We further recognize the well-established principle that a peremptory exception may be urged at any time. Pursuant to La. C.C.P. art. 928, “[a] party may re-urge a peremptory exception after a denial of the exception.” Landry v. Blaise, Inc., 2002-0822, p. 3 (La.App. 4 Cir. 10/23/02), 829 So.2d 661, 664. Accordingly, reconsideration of the exception of prescription was not in error.

2. Interruption of Prescription

La. R.S. 9:5628(A) provides for the one year prescriptive period in medical malpractice cases, as follows, in pertinent part:
No action for damages for injury or death against any physician, ... hospital or nursing home duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
|sWith respect to state health care providers, La. R.S. 40:1299.39.1(A)(2)(a) provides, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part,.... The filing of a request for review of a claim shall suspend the running of prescription against all joint or solidary ob-ligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review.
In the case sub judice, the one-year prescriptive period began to run from the date of death, which occurred on December 12, 2008. Pursuant to La. R.S. 40:1299.39.1(A)(2)(a), prescription was suspended against all joint and solidary obli-gors by the convening of the medical re *464 view panel on December 7, 2009, with six days remaining on the initial prescriptive period. The suspension of prescription continued for 90 days following the notification of the medical review panel opinion on April 19, 2011. Adding the six days that remained on the one-year prescriptive period,[1] prescription on plaintiffs’ claim against LSUHSC would have tolled on July 26, 2011. Plaintiffs amended their suit to name LSUHSC as a defendant on September 28, 2011.
Citing Richard, v. Tenet Health Systems, Inc., 2003-1933 (La.App. 4 Cir. 4/14/04), 871 So.2d 671, LSUHSC maintains that the suit against Dr. Wong did not interrupt prescription against LSUHSC. In Richard, the plaintiff filed a timely request for a medical review panel against the hospital and various physicians. After rendition of the panel decision, the plaintiff filed a timely suit against those | (¡defendants. Some years later, the plaintiffs filed a request for a medical review panel against additional physicians, alleged to be joint tortfeasors, who were not previously named in the panel request. Those added defendants filed an exception of prescription. This Court concluded that the suit was barred by prescription. The initial request for a medical review panel suspended prescription as to the added physicians, as joint tortfeasors. However, pursuant to the specific provisions of La. R.S. 40:1299.39.1(A)(2)(a), we held in Richard that “the plaintiffs had only until 90 days after notice of the rendition of the opinion of the original medical review panel to file a complaint against any solidary obligors.” Id., 2003-1933, p. 4, 871 So.2d at 674.
Plaintiffs seek to distinguish Richard, arguing that LSUHSC and the physicians in Richard did not occupy the same legal position. We agree. As plaintiffs correctly point out, LSUHSC is not a newly added health care provider, and there are no independent claims of malpractice made against LSUHSC. Rather, LSUHSC is the employer of the physician that was timely sued. In Richard, unlike in the present case, the newly added defendants had no legal responsibility for the actions of the physicians first sued.
Employers are answerable for the damage caused by their employees in the exercise of the functions in which they are employed. La. C.C. art. 2320; Ermert v. Hartford Ins. Co., 559 So.2d 467, 475 (La.1990). Vicarious liability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship. Sampay v. Morton Salt Co., 395 So.2d 326, 328 (La.1991).
In the present case, the claim against LSUHSC is solely derivative of the timely filed claim made against Dr. Wong. Thus, the claims are one and the same. 17Under the circumstances, we choose not to extend our holding in Richard, as to do so would lead to an absurd result.
We also find merit in plaintiffs’ argument that given the Supreme Court’s holding in Detillier, LSUHSC must be considered an indispensable party. Pursuant to Detillier, in the event that a state health care provider is found to have committed malpractice, any judgment in favor of the plaintiff will be entered against the state alone. Detillier, 2003-3259, p. 16, 877 So.2d at 116. For plaintiffs to prevail against Dr. Wong, LSUHSC must be a party to this action. Without LSUHSC, there is no entity against whom a judgment could be rendered.
La. C.C.P. art. 641, which governs “Join-der of parties needed for just adjudication” [2], provides:
*465 A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
La. C.C.P. art 645 provides that failure to join a party may be noticed by the trial or appellate court on its own motion.
Pursuant to La. C.C.P. art 641(1), a party in whose absence complete relief cannot be accorded among those who are parties “shall be joined as a party.” | ¡^Moreover, it is well established that “[a]n adjudication made without making a person described in article 641 a party to the litigation is an absolute nullity.” James v. Maison Orleans II, Inc., 2004-1132 (La.App. 4 Cir. 5/11/05), 913 So.2d 115, 122, on rehearing.
“A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights.” Industrial Companies, Inc. v. Durbin, 2002-0665, p. 14 (La.1/28/03), 837 So.2d 1207, 1217. Courts are to determine whether a party should be joined by a factual analysis of all the interests involved. Gibbs v. Magnolia Living Center, Inc., 38,184, p. 8 (La.App. 2 Cir. 4/7/04), 870 So.2d 1111, 1116.
Given the procedural posture of the present case, and considering the Supreme Court’s mandate in Detillier, it is evident that a judgment cannot be rendered against Dr. Wong and in favor of plaintiffs without LSUHSC being a party to the action. Thus, as complete relief cannot be accorded in its absence, LSUHSC is an indispensable party and must be joined in this action.
CONCLUSION
For the foregoing reasons, we find no error in the trial court’s judgment denying LSUHSC’s exception of prescription. Accordingly, we affirm.
AFFIRMED.

. See LeBreton v. Rabito, 97-2221, p. 6 (La.7/8/98), 714 So.2d 1226, 1229.

. The 1995 amendments to La. C.C.P. art. 641 removed the terms "necessary and indispensable parties” and inserted the concept of "joinder of parties needed for just adjudication.”