JOSEPH MILLER, JR., M.D. AND BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

VERSUS

JOSEPH C. LARRE AND ASHLEY D. NICHOLS AS COUNSEL FOR/AND MONIQUE EVANS, WIFE OF/AND JOHN EVANS, INDIVIDUALLY AND ON BEHALF OF AIDEN EVANS

NO. 19-CA-208

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 743-423, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

December 11, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**AFFIRMED**

    **RAC**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH MILLER, JR., M.D. AND BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE
    Katherine B. Muslow
    Meredith A. Cunningham

COUNSEL FOR DEFENDANT/APPELLANT,
JOSEPH C. LARRE PERSONALLY ON BEHALF OF MONIQUE, JOHN AND
AIDEN EVANS, AND J LARRE LAW FIRM LLC
    Joseph C. Larre'

**CHAISSON, J.**

In this nullity action of a prior medical malpractice judgment by default, Joseph C. Larre, Monique Evans, and John Evans, appeal a summary judgment in favor of Dr. Joseph Miller, Jr. and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") that declared the prior medical malpractice judgment by default against Dr. Miller an absolute nullity. Mr. Larre and the Evans further appeal the denial of their cross-motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On October 30, 2008, John Evans and his wife, Monique Evans, filed suit on behalf of themselves and their minor child against Dr. Joseph M. Miller, Jr., alleging that Dr. Miller had committed medical malpractice regarding advice and recommendations that he gave to the Evans regarding termination of Mrs. Evans' pregnancy.[1] The Evans' petition indicated that it was filed pursuant to La. R. S. 40:1299.41, *et seq.*, which is the Louisiana Medical Malpractice Act ("LMMA") for private physicians.[2] After the citation to Dr. Miller was returned by the Jefferson Parish Sheriff as "unserved," the Evans requested the appointment of a special process server to effectuate service.

After the return of service by the special process server was filed indicating personal service upon Dr. Miller by "Drop Service," and the delays for answering the petition by Dr. Miller had expired with no answer being filed, the Evans proceeded to confirm a default judgment against Dr. Miller in the underlying

---

[1] The Evans had previously requested the formation of a medical review panel pursuant to the Louisiana Medical Malpractice Act, but were advised by the Division of Administration that Dr. Miller was not covered under the Act.

[2] La. R.S. 40:1299.41 to 1299.49 was redesignated as La. R.S. 40:1231.1 to 40:1231.10 by H.C.R. No. 84 of the 2015 Regular Session, effective June 2, 2015.

medical malpractice action, which judgment against Dr. Miller in the amount of $47,850 was rendered on January 3, 2012.

On October 16, 2014, after learning of the default judgment as the result of an attempted garnishment of Dr. Miller's wages, Dr. Miller and his employer, LSU, filed suit against the Evans and their attorney, Joseph C. Larre, to have the January 3, 2012 default judgment annulled. In their petition to annul, Dr. Miller and LSU alleged that the default judgment was an absolute and/or relative nullity for four reasons: first, Dr. Miller, as a state-employed physician working within the course and scope of his employment at the time that he treated Mrs. Evans cannot be cast in judgment pursuant to the Louisiana Malpractice Liability for State Services Act ("MLSSA"); second, LSU, as the employer of Dr. Miller, is an indispensable party to the action against Dr. Miller that the Evans failed to join in the litigation; third, because they failed to join an indispensable party, the procedures used by the Evans to obtain the default judgment were fatally flawed; and fourth, the Evans failed to serve Dr. Miller with citation and process in the underlying malpractice action.

On July 31, 2017, Dr. Miller and LSU filed a motion for summary judgment asserting that there were no genuine issues of material fact regarding the four deficiencies to the default judgment as alleged in their petition to annul and that they were therefore entitled to judgment as a matter of law declaring the January 3, 2012 default judgment a nullity. In response, on January 9, 2018, Mr. Larre and the Evans filed an opposition to the motion for summary judgment and also filed their own motion for summary judgment, apparently seeking to have the petition to annul dismissed.

After hearing the motions for summary judgment, the trial court, on May 24, 2018, granted Dr. Miller's and LSU's motion for summary judgment, declaring the

January 3, 2012 default judgment absolutely null, and further denied Mr. Larre's and the Evans' motion for summary judgment. It is from this May 24, 2018 judgment that Mr. Larre and the Evans now appeal.

## DISCUSSION

Mr. Larre and the Evans raise the following issues in their assignments of error: 1) whether genuine issues of material fact exist that preclude summary judgment in favor of Dr. Miller and LSU; 2) whether Dr. Miller acquiesced in the judgment by not attempting to enjoin its enforcement; 3) whether LSU was an indispensable party to the underlying litigation; 4) whether Dr. Miller and LSU have shown that fraud or ill practices were used to obtain the judgment; 5) whether the trial court erred in denying Mr. Larre's motion for summary judgment regarding Dr. Miller's and LSU's claim for legal malpractice against him;[3] 6) whether the claim of Mr. Evans, who did not have a doctor/patient relationship with Dr. Miller, sounds in medical malpractice; and 7) whether the claim of Mrs. Evans was not entirely a medical malpractice claim as it "did not arise completely out of a doctor/patient relationship."[4] Because we find it dispositive of this appeal, we first address the issue of whether LSU was an indispensable party to the underlying litigation.

La. C.C.P. art. 641 provides, in pertinent part, that a person shall be joined as a party in the action when "[i]n his absence complete relief cannot be accorded among those already parties." La. R.S. 40:1237.1(G), which is part of the MLSSA, provides, in pertinent part, that "[t]he state shall pay any damages, interest, cost of investigation and defense, and any other costs in connection with any claim lodged

---

[3] We note that a review of the Suit to Annul Judgment reveals that no legal malpractice claim was filed by Dr. Miller or LSU against Mr. Larre.

[4] We note that as to assignments six and seven, relating to whether the Evans' claims sounded in medical malpractice, the Evans specifically waived those arguments before the trial court and are thus precluded from raising those issues for the first time on appeal before this Court.

against any state health care provider (person covered by this Part) for an alleged act of medical malpractice ... ." Thus, the Louisiana Supreme Court has held that "in a medical malpractice suit brought against the state and a qualified state health care provider, if the court finds the state health care provider committed medical malpractice, judgment must be entered for the successful claimant against the state *alone*." (emphasis added). *Detillier v. Kenner Regional Medical Center*, 03-3259 (La. 7/6/04), 877 So.2d 100, 111.

Under the express provisions of the MLSSA, a state health care provider is insulated from judgment for his medical malpractice; only his employer, the State, may be cast in judgment for the state health care provider's medical malpractice. Consequently, in claims of medical malpractice against a state health care provider, the State is a "party in whose absence complete relief cannot be accorded among those who are parties," making the State an indispensable party to that litigation. *See* La. C.C.P. art. 641. Moreover, it is well established that "[a]n adjudication made without making a person described in article 641 a party to the litigation is an absolute nullity." *Gettys v. Wong*, 13-1138 (La. App. 4 Cir. 5/7/14), 145 So.3d 460, 465, *writ denied*, 14-1178 (La. 9/19/14), 149 So.3d 247.

In this case, there is no dispute that Dr. Miller was a state health care provider at the time that he rendered treatment to Mrs. Evans. There is also no dispute that his employer, LSU, was not named as a defendant in the suit for medical malpractice brought by the Evans against him. Consequently, we find that LSU was an indispensable party to the litigation and the Evans' failure to join LSU as a defendant is a fatal defect that renders the resulting default judgment an absolute nullity. Having so found, and finding this determination to be dispositive of this appeal, we pretermit any discussion of Mr. Larre's and the Evans' remaining assignments of error.

We conclude that the trial court did not err in granting Dr. Miller's and LSU's motion for summary judgment, declaring the January 3, 2012 default judgment against Dr. Miller an absolute nullity.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 11, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-208

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
CARLTON JONES, III (APPELLEE)

**MAILED**

JOSEPH C. LARRE' (APPELLANT)
ATTORNEY AT LAW
3350 RIDGELAKE DRIVE
SUITE 200
METAIRIE, LA 70002

MEREDITH A. CUNNINGHAM (APPELLEE)
KATHERINE B. MUSLOW (APPELLEE)
ATTORNEYS AT LAW
433 BOLIVAR STREET
ROOM 820
NEW ORLEANS, LA 70112

JAMES E. MARCHAND (APPELLEE)
JOHANNA A. POSADA (APPELLEE)
ATTORNEYS AT LAW
LOUISIANA STATE UNIVERSITY
OFFICE OF LEGAL AFFAIRS & GENERAL
COUNSEL
3810 WEST LAKESHORE DRIVE,
SUITE 124
BATON ROUGE, LA 70808