JAMAL WRIGHT, ET AL       *       NO. 2019-C-0499

VERSUS       *       COURT OF APPEAL

THE STATE OF LOUISIANA       *       FOURTH CIRCUIT
ON BEHALF OF JAMIE
ALLEYN, M.D., ASHLEY VAN       *       STATE OF LOUISIANA
WORMER, M.D., MONIQUE
SUTHERLAND, M.D., MEGAN       *
BINA, D.O. AND ASHELY M
HIRSCH, M.D.       *

      * * * * * * *

TFL      **LOVE, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority, as this matter is governed by jurisprudence that has yet to be countermanded.

Rather than relying upon *Velasquez* and its progeny, I find that this case is governed by the principle reiterated in *Gaffney v. Giles*, 14-0384, p. 23 (La. App. 4 Cir. 4/29/15), 165 So. 3d 1100, 1113-14,[1] that the State of Louisiana, through the Board of Supervisors of Louisiana State University Agriculture and Mechanical College, is the only party that may be cast in judgment. While examining whether the trial court correctly denied an exception of prescription, this Court held in *Gettys v. Wong*, 13-1138, p. 6 (La. App. 4 Cir. 5/7/14), 145 So. 3d 460, 464, *writ denied*, 14-1178 (La. 9/19/14), 149 So. 3d 247, that LSUHSC was not a wholly

---

[1] In *Gaffney*, this Court recognized a judgment in favor of plaintiffs involving state health care providers will be entered against the State alone:

> The trial court's ruling is amended, however, to remove Dr. Giles' name pursuant to *Detillier*. **The Louisiana Supreme Court has previously held that "in the event that the state health care providers are found by the court to have committed medical malpractice, any judgment in favor of the successful claimants will be entered against the State of Louisiana alone."** *Detillier*, 03–3259, p. 16, 877 So.2d at 111. The Supreme Court explained that the legislative aim of the Malpractice Liability for State Services Act ("MLSSA") is to ensure an adequate supply of healthcare professionals willing to provide medical care to patients on behalf of the state. *Id.*, [20]03–3259, p. 15, 877 So.2d at 111. Consequently, the MLSSA's purpose is frustrated if healthcare providers are held personally liable for medical malpractice. *Id.* Therefore, the trial court's ruling in favor of Mr. Gaffney against Dr. Giles for failing to return his phone calls is amended to remove Dr. Giles' name and is entered against the State alone.

*Gaffney*, 14-0384, p. 23, 165 So. 3d at 1113-14 (emphasis added).

1

new defendant with new and separate allegations of malpractice added in the supplemental petition, but merely the employer of the timely sued physician. This Court stated:

> Employers are answerable for the damage caused by their employees in the exercise of the functions in which they are employed. La. C.C. art. 2320; *Ermert v. Hartford Ins. Co.*, 559 So.2d 467, 475 (La.1990). Vicarious liability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship. *Sampay v. Morton Salt Co.*, 395 So.2d 326, 328 (La.1991).
>
> In the present case, the claim against LSUHSC is solely derivative of the timely filed claim made against Dr. Wong. Thus, the claims are one and the same. Under the circumstances, we choose not to extend our holding in *Richard*, as to do so would lead to an absurd result.
>
> We also find merit in plaintiffs' argument that given the Supreme Court's holding in *Detillier*, LSUHSC must be considered an indispensable party. Pursuant to *Detillier*, in the event that a state health care provider is found to have committed malpractice, any judgment in favor of the plaintiff will be entered against the state alone. *Detillier*, 2003-3259, p. 16, 877 So.2d at 116. For plaintiffs to prevail against Dr. Wong, LSUHSC must be a party to this action. Without LSUHSC, there is no entity against whom a judgment could be rendered.

*Id.*, 13-1138, pp. 6-7, 145 So. 3d at 464. This Court affirmed the trial court's denial of the exception of prescription based on this reasoning and the procedural posture of the case. *Id.*, 13-1138, p. 8, 145 So. 3d at 465.

"[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-0646, p. 10 (La. 1/19/05), 892 So. 2d 1261, 1268. Given the presumption, this Court's holding in *Gettys*, and the present matter's unique procedural posture, I find that the trial court did not err by denying Defendants' Exception of Prescription. Therefore, I would deny the writ.