Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,816-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| FAIZAN FAROOQUI AND FARHAT FAROOQUI, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF AZRA FARHAT (D) | Plaintiff-Appellants |

versus

| | |
|---|---|
| BRFHH SHREVEPORT, LLC, BRIJESH M. PATEL, M.D., EDWIN W. HERRON, M.D. AND THE STATE OF LOUISIANA | Defendant-Appellees |

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 600602

Honorable Ramon Lafitte, Judge

* * * * *

| | |
|---|---|
| LUNN IRION LAW FIRM, LLC By: J. KYLE McCOTTER RYAN O. GOODWIN | Counsel for Appellants |
| JEFFREY M. LANDRY Attorney General | Counsel for Appellees |
| WILLIAM DAVID COFFEY AMANDA D. BROTHERTON-TODD JABRINA CLAYTON EDWARDS Assistant Attorneys General | |

* * * * *

Before MOORE, ROBINSON, and BLEICH (*Pro Tempore*), JJ.

**ROBINSON, J.**

In this medical malpractice action, the plaintiffs appeal a judgment granting the State of Louisiana's exception of nonjoinder. Concluding that the trial court abused its discretion in granting the exception, we reverse the judgment in part.

## PROCEDURAL HISTORY

Azra Farhat presented at University Health-Shreveport ("UH-S") on June 13, 2014, with complaints of chest pain. Medication was given to her until an angiography could be performed the next day. Dr. Brijesh Patel met with Farhat the following morning and concluded that catherization and angiography were not needed on an emergency basis. An angiography done on June 16 revealed the need for bypass surgery, which was performed on June 20. Dr. Edwin Herron was the anesthesiologist during the surgery. Farhat died shortly after the surgery due to complications.

On June 11, 2015, Faizan Farooqui and Farhat Farooqui, individually and on behalf of the Estate of Azra Farhat, requested a Medical Review Panel ("MRP") against BRFFH Shreveport (UH-S), Dr. Patel, and Dr. Herron. UH-S was determined to be a qualified private health care provider. Dr. Herron and Dr. Patel were determined to be qualified state health care providers. Separate MRPs were empaneled for the claims against UH-S and for the claims against the physicians, but the panels were combined by agreement of the parties. The MRP found that the evidence did not support the conclusion that UH-S, Dr. Patel, or Dr. Herron failed to meet the applicable standard of care. However, the MRP also found that there was a breach of the standard of care by someone other than Dr. Patel or Dr.

Herron, although a material issue of fact remained concerning who made the decision not to proceed urgently with surgery.

On May 5, 2017, Faizan Farooqui and Farhat Farooqui, individually and on behalf of the Estate of Azra Farhat, filed suit against BRFHH Shreveport, Dr. Patel, Dr. Herron, and the State of Louisiana ("state"). The petition alleged that Ms. Farhat continued to experience chest pain from June 17 to 20, but the staff at UH-S did not notify her treating physicians of these complaints. The petition further alleged that when surgery was scheduled for June 20, Ms. Farhat informed Dr. Herron that she was experiencing chest pain. There was no specific allegation of vicarious liability in the petition. However, the petition alleged that Dr. Patel and Dr. Herron had been providing services on behalf of the state.

Dr. Patel and Dr. Herron filed a motion for summary judgment on August 22, 2017. The plaintiffs did not oppose the motion for summary judgment, which was granted on October 9, 2017. All claims against Dr. Patel and Dr. Herron were dismissed with prejudice.

On November 30, 2018, BRFHH Shreveport filed a motion for summary judgment. The plaintiffs did not oppose the motion, and judgment granting the motion and dismissing all claims against BRFHH Shreveport with prejudice was rendered on March 25, 2019.

Upon taking the deposition of one of the MRP physicians on August 30, 2017, the plaintiffs learned that Dr. Kartik Anand and Dr. Kalgi Modi were the "unknown person[s]" referred to in the MRP's conclusion.

On March 22, 2019, the plaintiffs amended their petition. The state was the sole defendant named in the amended petition, which alleged that even though Dr. Anand and Dr. Modi had documented additional episodes

2

of chest pain, neither physician had recommended immediate intervention. The plaintiffs maintained that Ms. Farhat was denied appropriate medical care due to the lack of medical assessment, care, and treatment by Dr. Anand and Dr. Modi. Dr. Anand and Dr. Modi were not individually named as defendants. Rather, the plaintiffs alleged that the state employed Dr. Anand and Dr. Modi and was vicariously liable for their negligent actions.

On May 31, 2019, the state filed the exceptions of prematurity, nonjoinder, and prescription. Regarding the exception of nonjoinder, the state maintained that an allegation of vicarious liability must include the employer of those who committed the alleged acts of malpractice, which in this case would be LSU Health Sciences Center-Shreveport ("LSUHSC-S"). The state further maintained that without LSUHSC-S as a party, any judgment rendered in favor of the plaintiffs would be an absolute nullity. In opposition to the exception, the plaintiffs contended there was no evidence that LSUHSC-S was the employer of Dr. Anand and Dr. Modi after the state had already judicially admitted they were employed by the state. They argued that LSUHSC-S's only relevance to this suit is that it was the facility where the malpractice took place. At the hearing on the exception, the state asserted that while the plaintiffs can recover against the state, they must name a health care facility in order to assert liability.

The trial court rendered judgment in which it: (i) denied the exceptions of prematurity and prescription as to the claims asserted against the state; (ii) granted the exception of nonjoinder; (iii) ruled that any subsequent claims asserted against LSUHSC-S were prescribed; and (iv) granted the exception of prescription as to all new claims asserted against the defendant in the amended petition.

3

The trial court signed an order on January 27, 2020, designating its ruling granting the exception of nonjoinder and the exception of prescription as to all new claims asserted against the defendant in the amended petition as a partial final judgment.

**DISCUSSION**

Nonjoinder of a party under La. C.C.P. arts. 641 and 642 is a peremptory exception. La. C.C.P. art. 927. La. C.C.P. art. 641 states that a person shall be joined as a party in the action when either:

> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. *Industrial Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207. Courts are to determine whether a party should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved. *Gibbs v. Magnolia Living Ctr., Inc.*, 38,184 (La. App. 2 Cir. 4/7/04), 870 So. 2d 1111, *writ denied*, 04-1148 (La. 7/2/04), 877 So. 2d 146.

On appeal from the grant or denial of a peremptory exception based on the nonjoinder of a party needed for just adjudication, the appellate court reviews the finding under the abuse of discretion standard of review. *Foster v. City of Leesville*, 2017-1106 (La. App. 3 Cir. 6/13/18), 250 So. 3d 302,

4

citing *Rayford v. Nat'l R.R. Passenger Corp.*, 2005-1273 (La. App. 4 Cir. 4/13/07), 962 So. 2d 5, *writ denied*, 07-1021 (La. 8/31/07), 962 So. 2d 439.

It is helpful to consider the statutory framework regarding the management of LSUHSC before considering the merits of this appeal. La. R.S. 17:3215(7) provides that LSU Hospital at Shreveport and LSUHSC-S, which includes the medical school and related schools at Shreveport, are part of the LSU system and under the supervision and management of the LSU Board of Supervisors. La. R.S. 17:1517(D) states that "[t]he Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as a body corporate shall have authority to exercise all power to direct, control, supervise, and manage the Louisiana State University Hospital at Shreveport[.]"

Nevertheless, neither LSU nor LSUHSC-S would be responsible for paying a medical malpractice judgment rendered against it. "[T]he state shall pay any damages, interest, cost of investigation and defense, and any other costs in connection with any claim lodged against any state health care provider (person covered by this Part) for an alleged act of medical malpractice[.]" La. R.S. 40:1237.1(G).

The state cannot point to any statute requiring LSUHSC-S's joinder in this matter. In fact, provisions concerning claims against the state and service requirements appear to suggest otherwise. La. R.S. 39:1538 governs claims against the state or any of its agencies to recover damages in tort. The state points out that La. R.S. 39:1538(D) requires that process be served upon the head of the department concerned, the Office of Risk Management, and the Attorney General, as well as any others required by La. R.S. 13:5107. The state contends this reflects the reality that it operates through

5

its departments and agencies. The service provisions aside, La. R.S. 39:1538(A) refers to "[c]laims against the state **or** any of its agencies[.]" Moreover, La. R.S. 13:5107(A)(1) sets out how citation and service may be obtained "[i]n all suits filed against the state of Louisiana **or** a state agency[.] La. R.S. 13:5107(D)(1) mandates when service of citation is to be requested "[i]n all suits in which the state, a state agency, **or** political subdivision, **or** any officer or employee thereof is named as a party[.]" More specific to medical malpractice complaints, La. R.S. 40:1237.2(A)(1)(a) requires the review by a state MRP for "[a]ll malpractice claims against the state, its agencies, **or** other persons covered by this Part[.]" Emphasis added.

The state maintains that Dr. Anand and Dr. Modi were employees of LSUHSC-S. However, in discovery responses, the state answered that Dr. Anand and Dr. Modi were employees of the state during the relevant period. In one interrogatory answer in particular, the state replied that Dr. Anand and Dr. Modi were employees of the state "providing medical services at University Health in Shreveport[.]" There is no mention of LSUHSC-S in that reply.

The joinder of LSUHSC-S is not required under the provisions of La. C.C.P. art. 641. Under the first prong, a person shall be joined as a party if in his absence complete relief cannot be accorded among those already parties. Any judgment will be paid by the state, not LSUHSC-S. Thus, the absence of LSUHSC-S would not impair the ability of the plaintiffs to collect any judgment or for the state to satisfy any judgment.

Under the second prong, a person shall be joined as a party if he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either: (a) As a practical matter, impair or impede his ability to protect that interest. (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

None of the concerns underlying the second prong exist in this case. As noted earlier, the state would be responsible for satisfying the judgment. In addition, the state would not be hampered by LSUHSC-S's absence as a party during the course of litigation. La. R.S. 40:1237.1 *et seq.* sets out the provisions of the Medical Liability for State Services Act ("MLSSA"). La. R.S. 40:1237.1(H) states, in part:

> Internally within the state government of Louisiana, the office of risk management shall have the primary responsibility for the administrative management of medical malpractice claims against the state. Copies of all claims shall be submitted to the office of risk management by claimants or their attorneys. In the administration of such claims, the office of risk management shall cause a timely and thorough investigation of the circumstances surrounding each malpractice claim, assemble all data relevant thereto, and coordinate with legal counsel for the defense of such cases.

Thus, the office of risk management is mandated to manage the malpractice claim whether or not LSUHSC-S is named as a party.

When granting the exception of nonjoinder, the trial court relied on the cases of *Detillier v. Kenner Regional Med. Ctr.*, 03-3259 (La. 7/6/04), 877 So. 2d 100, and *Gettys v. Wong*, 2013-1138 (La. App. 4 Cir. 5/7/14), 145 So. 3d 460, *writ denied*, 14-1178 (La. 9/19/14), 149 So. 3d 247. Both cases are easily distinguished from the facts of the matter before us.

The issue before the Louisiana Supreme Court in *Detillier* was whether state health care providers may be named as individual defendants in a medical malpractice suit under the MLSSA. Suit was initially filed against Kenner Regional, a private health care provider. The petition was then amended to add as defendants the state-employed physicians, LSU Faculty Care, and the State, LSU Medical Center. The physicians filed an exception of no cause of action in which they argued that the MLSSA did not permit a cause of action against the individual state health care providers.

The *Detillier* court recognized that although Subsections C and D(1) of the MLSSA (La. R.S. 40:1237.1) instruct that it is the state alone from whom a successful claimant may recover damages or losses for the medical malpractice of a covered state health care provider, those subsections do not address against whom a medical malpractice lawsuit is to be filed. The Supreme Court further recognized that neither Subsection G nor K of the MLSSA definitively addressed the naming of an individual state health care provider as a defendant. It was noted by the Supreme Court that other subsections of the MLSSA made it clear that a plaintiff may recover from the state alone for any acts of medical malpractice committed by a state health care provider.

The *Detillier* court also noted that as originally enacted, the MLSSA specified that medical malpractice lawsuits against state health care providers were to be filed against the state alone. However, after examining the legislative history of the MLSSA, the Supreme Court held that a plaintiff may name an individual state health care provider covered under the MLSSA as a defendant in a medical malpractice lawsuit. The Supreme

8

Court recognized that the practical effect of its holding was that a plaintiff would enjoy the discovery and evidentiary benefits of a covered state health care provider being treated as a party instead of merely as a witness. Nevertheless, it remained the state alone from whom a successful plaintiff may recover damages or loss for the medical malpractice of a covered state health care provider. Thus, in a medical malpractice lawsuit filed against the state and a qualified state health care provider, judgment must be entered against the state alone if the state health care provider is found to have committed medical malpractice.

*Detillier* allowed an individual health care provider to be named as a defendant in a medical malpractice lawsuit under the MLSSA. Thus, a party may name a state health care provider as a defendant, but is not compelled to do so. Under *Detillier*, the plaintiffs had the option of naming LSUHSC-S as a defendant.

In *Gettys*, *supra*, a medical malpractice lawsuit was filed against Dr. Wong, a second physician, and Children's Hospital. The petition was amended to add LSUHSC, Dr. Wong's employer, as a defendant. After LSUHSC was dismissed from the case on an exception of prescription, Dr. Wong sought dismissal of the action against him because, under *Detillier*, judgment would be entered against the state alone. The trial court declined to dismiss Dr. Wong. Instead, because there was no entity against whom a judgment could be rendered if Dr. Wong was found to be at fault, it ordered the plaintiffs to file the necessary pleadings to correct the procedural posture of the case. The plaintiffs filed a motion to reconsider LSUHSC's exception of prescription. The trial court granted the motion to reconsider, reversed the earlier ruling, and denied LSUHSC's exception of prescription.

As stated in *Gettys*, the trial court granted the motion to correct what was believed to be a miscarriage of justice. The plaintiffs needed LSUHSC to remain as a party to go forward with their case because the state was the only entity against whom a judgment could be obtained. LSUHSC was not a newly added health care provider, but was the employer of Dr. Wong. The claim against LSUHSC was solely derivative of the claim against Dr. Wong.

The appellate court in *Gettys* considered LSUHSC to be an indispensable party because complete relief could not be accorded in its absence. In order for the plaintiffs to prevail against Dr. Wong, LSUHSC needed to be a party to the action. However, that was based on there being no entity against whom a judgment could be rendered if LSUHSC was dismissed from the action. In contrast, an entity against whom a judgment could be rendered, that is, the state, is already present in the lawsuit as a defendant. Moreover, LSUHSC was the employer of Dr. Wong. In this matter, the state has admitted that it is the employer of Dr. Anand and Dr. Modi.

Based on the foregoing reasons, we conclude that the trial court abused its discretion when it granted the exception of nonjoinder. Accordingly, we reverse the judgment insofar as it granted the exception of nonjoinder. Costs associated with this appeal are assessed to the State of Louisiana in the amount of $1614.92. La. R.S. 13:5112. This matter is remanded to the trial court for further proceedings.

**JUDGMENT REVERSED IN PART. REMANDED.**