859 So.2d 63 (2003)
Vera M. RAINEY
v.
ENTERGY GULF STATES, INC. and Mike Case.
No. 2001 CA 2414.
Court of Appeal of Louisiana, First Circuit.
July 2, 2003.
Writ Denied November 14, 2003.
*64 Leonard Cardenas, III, John T. Joubert, Henri M. Saunders, Baton Rouge, Counsel for Plaintiff/Appellee Vera M. Rainey.
John A. Braymer, Kenneth Carter, Joseph K. West, Charles L. Rice, Baton Rouge, Counsel for Defendants/Appellants Entergy Gulf States, Inc. Mike Case.
Before: KUHN, DOWNING and LANIER,[1] JJ.

ON REHEARING
PER CURIAM.
On original hearing, we ruled that the trial court abused its discretion when it denied the appellant's motion to amend its answer to assert the statutory employer affirmative defense when no trial was scheduled at the time the motion was filed. We reversed the trial court judgment and remanded this action to the trial court for further proceedings in accordance with law and special enumerated instructions. The appellee filed a motion for a rehearing that was granted with oral argument.

PROCEDURAL FACTS
Shortly after this appeal was lodged, Craig Brigalia filed a motion to be substituted herein as the party plaintiff-appellee. In this motion, he asserted that Vera Rainey died and he was the confirmed testamentary executor of her succession. Another panel of this court granted this motion with an unpublished ex parte order.
Prior to submission of this matter on rehearing, the defendant-appellant filed a peremptory exception raising the objection of no right of action. La. C.C.P. art. 927 A(5). This pleading admits that Brigalia is the testamentary executor of Rainey's succession but asserts that he has no right of action or interest in this action because Rainey is survived by two children and pursuant to La. C.C. art. 2315.1 A(1) these children are the legal successors of Rainey's cause of action.[2]
Also, prior to submission of this matter on rehearing, Brigalia filed a "Motion of Intervention"[3] to be recognized as a party individually and, in the alternative, as a particular legatee and the residual legatee of Rainey's estate and her cause of action.

OBJECTION OF NO RIGHT OF ACTION
Generally, an action can only be brought by a person having a real and actual interest that he asserts. La. C.C.P. art. 681. The objection of no right of *65 action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The objection of no right of action assumes the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Unlike the trial of an objection of no cause of action, evidence is admissible on the trial of an objection of no right of action to "support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition." La. C.C.P. art. 931; Industrial Cos. Inc. v. Durbin, XXXX-XXXX, pp. 11-12 (La.1/28/03), 837 So.2d 1207, 1216.
After reviewing the authorities cited herein below, we conclude that it is arguable that Rainey's surviving children, and not Brigalia, are the proper parties plaintiff-appellee in this case. La. C.C. arts. 870, 871, 872, 876, 1519, 1589 and 2315.1; La. C.C.P. arts. 426, 685, 801, 821, 927 B and 934; Uniform RulesCourts of Appeal, Rule 2-9; Haas v. Baton Rouge Gen. Hosp., 364 So.2d 944, 945 (La.1978); Carl v. Naquin, 93-1725 (La.App. 1 Cir. 5/20/94), 637 So.2d 736; W. Mengis, The Article 2315.1 Survival Action: A Probate or Non-Probate Item, 61 La.L.Rev. 417 (2001); F. Maraist and H. Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 4.13, pp. 84-85 (1999); W. Crawford, 12 Louisiana Civil Law Treatise, Tort Law, §§ 5.1-5.2, 5.6-5.10, pp. 87-89, 96-101 (2000); F. Maraist and T. Galligan, Louisiana Tort Law, §§ 18.1-18.2, pp. 415-421 (1996). Rainey's children are not parties to this proceeding. In this procedural posture, any judgment rendered on the merits of this case in favor of, or against, the defendant-appellant Entergy, will not be res judicata and affect the children's cause of action (if they are Rainey's legal successors). La. R.S. 13:4231; see Burguieres v. Pollingue, XXXX-XXXX (La.2/25/03), 843 So.2d 1049.

JOINDER OF PARTIES NEEDED FOR A JUST ADJUDICATION
La. C.C.P. art. 641 provides as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
A person should be deemed needed for a just adjudication only when absolutely necessary to protect substantial rights. La. C.C.P. art. 641 provides two sets of circumstances under which a third-party may be considered a party needed for just adjudication. A person may be considered indispensable only if one of the two circumstances listed therein exists. Pursuant to La. C.C.P. art 641(1), a person may be considered a party needed for a just adjudication if, absent his presence, "complete relief cannot be accorded among those already parties." Pursuant to La. C.C.P. art. 641(2), a person may be considered a party needed for a just adjudication if that person claims an interest relating to the subject matter of the suit and if other conditions specified in that subpart are *66 present. Industrial Cos. Inc. v. Durbin, XXXX-XXXX at pp. 14-15, 837 So.2d at 1217.
In this suit there is only one cause of action. Rainey timely filed suit on this cause of action and this interrupted prescription on this cause of action. La. C.C. art. 3462; W. Mengis, supra, p. 421 n. 19; W. Crawford, supra, §§ 5.7-5.8, pp. 98-99. This interruption continues "as long as the suit is pending." La. C.C. art. 3463. Prescription commences to run again only when this suit is no longer "pending." La. C.C. art. 3466. As previously indicated, if Rainey's children are not parties to this action, a conclusive judgment herein for, or against, Entergy will not bar a subsequent action by them against Entergy because res judicata does not apply. Thus, if Rainey's children are not joined as parties herein and subsequently file their own action on Rainey's cause of action, the following will occur: (1) the courts will have to adjudicate two cases on a single cause of action; (2) Entergy will have to defend two suits on a single cause of action; and (3) if there are two suits on Rainey's single cause of action, three results could occur: (a) Entergy prevails in both cases; (b) Entergy prevails in one case and is cast in judgment in the other (this is inconsistent); or (c) Entergy is cast in judgment in both (and pays twice on a single cause of action). Having two trials on this one cause of action is not in the best interest of judicial economy. Having two actions litigated on one cause of action creates the potential for inconsistent and patently unjust results.
Accordingly, pursuant to La. C.C.P. art. 645, on our own motion, we notice that Rainey's children should be joined herein because they are needed for a just adjudication and, in their absence, complete relief cannot be accorded among those who are already parties. See also La. C.C.P. art. 927 A(3) and B.
Pursuant to La. C.C.P. arts. 644, 646 and 2164, on the remand of this case, the trial court shall cite James A. McAllister and Joanne M. Mays to appear in this action and order them to either assert a claim of a right to be a party in this case or renounce the right of action and be precluded thereafter from asserting it. We shall not rule on the request for rehearing until a determination of the proper parties has been made.

DECREE
For the foregoing reasons, on our own motion, we notice that James A. McAllister and Joanne M. Mays are parties needed for a just adjudication. This matter is remanded to the trial court. The trial court, in the following order, shall: (1) issue citations to James A. McAllister and Joanne M. Mays ordering them to either assert claims to rights of action in this case or renounce claims thereto and be precluded from asserting them thereafter; (2) if either McAllister or Mays, or both of them, assert a right of action, hold an evidentiary hearing on Entergy's peremptory exception raising the objection of no right of action and render a judgment on the exception; (3) if a judgment is rendered on the exception, issue written reasons for judgment to accompany the judgment, which reasons for judgment shall consider and address the pertinent authorities cited in this opinion; and (4) thereafter, consider and take appropriate action on Brigalia's motion to intervene individually, and in the alternative, as a particular legatee and a residual legatee.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] The Honorable Walter I. Lanier, Judge (retired), First Circuit Court of Appeal, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] Rainey's deposition was filed in the record at the trial on the merits in lieu of her testimony. Her deposition shows that she had two major children: James A. McAllister and Joanne M. Mays. Brigalia is identified therein as her boyfriend.
[3] An intervention is an incidental demand provided for in La. C.C.P. art. 1031 et seq. and art. 1091 et seq.