**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1330

CHLOE BRUBAKER

VERSUS

HOUMA POLICE DEPARTMENT, CHIEF OF POLICE TRAVIS THERIOT, AND FORMER CHIEF OF POLICE DANA COLEMAN

Judgment Rendered: __OCT 1 6 2024__

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
No. 196495, Division B

The Honorable Jason A. Dagate, Judge Presiding

* * * * *

Jessica L. Orgeron
Jack G. Rutherford
New Orleans, Louisiana

Attorneys for Plaintiff/Appellant
Chloe Brubaker


Julius P. Hebert, Jr.
Brian J. Marceaux
Derick A. Bercegeay
Brianna W. Orgeron
Houma, Louisiana

Attorneys for Defendants/Appellees
Houma Police Department, Chief of
Police Travis Theriot, and Former
Chief of Police Dana Coleman

* * * * *

**BEFORE: McCLENDON, WELCH, WOLFE, HESTER, AND
STROMBERG, JJ.**

**STROMBERG, J.**

The plaintiff appeals a judgment sustaining the defendants' peremptory exception raising the objections of nonjoinder of parties and no cause of action and the defendants' declinatory exception raising the objection of insufficiency of service of process, and therefore dismissing her petition for writ of mandamus seeking public records from the Houma Police Department ("the Police Department"). For the reasons that follow, we reverse the judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On May 16, 2023, Chloe Brubaker ("the plaintiff") filed a petition for a writ of mandamus under the Louisiana Public Records Act ("PRA"), naming as defendants the Police Department and Travis Theriot and Dana Coleman, individually and in their official capacities as the acting and former Chiefs of the Police Department, respectively (collectively "the defendants"). In her petition, the plaintiff alleged that the Police Department's website did not name a custodian of its public records, and thus, the default custodian and public records request recipient was the Police Department's sitting chief pursuant to La. R.S. 44:1(A)(3). According to the plaintiff's petition, on December 14, 2022, she emailed and faxed a public records request to Chief Coleman as the Police Department's Chief. She alleged that she sent a follow-up email on December 21, 2022, to Donna Wedgeworth, who was listed as "Secretary to the Chief" on the Police Department's website at all relevant times and whom she had previously emailed. The plaintiff alleged she also sent a follow-up email to Chief Coleman and Ms. Wedgeworth on January 5, 2023. The plaintiff attached to the petition as exhibits her email and fax with a PDF file of an unsigned letter and the other two emails.[1]

---

[1] The letter was addressed to Mr. Coleman as Chief of Police and stated:

2

At the time of filing suit, the plaintiff had not received a response to her requests. She alleged the defendants' failure to comply with their duties to provide the records defeated her constitutional and statutory right to access public records and impeded her ability to pursue any legal remedies as to the sexual assault allegations made by her in the underlying records.

In addition to a writ of mandamus directing the Police Department and Acting Chief Theriot to make the requested records available for her inspection and copying, the plaintiff sought damages and civil penalties pursuant to La. R.S. 44:35(E), and attorney fees and costs pursuant to La. R.S. 44:35(D).[2] The district court set the matter for hearing on June 13, 2023.

The defendants responded to the plaintiff's petition by filing a peremptory exception raising the objections of nonjoinder of parties and no cause of action and a declinatory exception raising the objection of insufficiency of service of process.

---

This is a request under the [PRA]. Pursuant to that law, I request access to and copies of all material pertaining to the report and investigation of PD #220 31004 that has been forwarded to the Terrebonne DA's office by the [Police Department] for a "second opinion," from March 17[,] 2022 through December 14[,] 2022. Including, but not limited to: Original rape report and all of Officer Matthew Henry's notes; Zoom call notes of Chief Dana Coleman, Assistant Chief Duane Farmer, Lt. Travis Theriot, Capt. Troy Voisin, and Det. (now Sgt.) Joseph Lodrigue; All emails, attachments, and images sent by me to [the Police Department] and all subsequent replies from [the Police Department].

[2] Louisiana Revised Statutes 44:35(E)(1) provides:

If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requestor any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requestor civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

Louisiana Revised Statutes 44:35(D)(1) provides:

If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.

In their exceptions, the defendants alleged that as a department of the Terrebonne Parish Consolidated Government (TPCG) under the Parish's Home Rule Charter, TPCG's designated public records custodian, Mart Black, was the proper custodian of the Police Department's records. Therefore, the defendants contended that they were not the custodians of the records that the plaintiff requested. The defendants requested that the court take judicial notice of the TPCG charter, ordinances, and resolutions pursuant to La. C.E. art. 202.[3] They also alleged that TPCG and/or Mr. Black should have been joined as defendants and that the Police Department was not a juridical person capable of being sued. In excepting to the plaintiff's service of the petition, the defendants alleged that service of process should have been upon TPCG and/or Mr. Black.[4] The defendants attached exhibits to their exceptions, which included ordinances concerning the TPCG form of government and public records requests, and the resolution for the appointment of Mr. Black as public records custodian. The district court set the exceptions for hearing on the same date as the mandamus hearing.

The plaintiff filed a memorandum in opposition to the exceptions to which she attached a screenshot of the Police Department's public website to support her

---

[3] Louisiana Code of Evidence article 202 provides in pertinent part:

> **A. Mandatory.** A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court's territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of that court.

> **B. Other legal matters.** (1) A court shall take judicial notice of the following if a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without request of a party of:
>
> . . .

> (c) Ordinances enacted by any political subdivision of the State of Louisiana.

[4] The defendants additionally alleged that Chief Theriot was the current Chief of the Police Department, but he was not the Chief of Police when the plaintiff allegedly sent her public records request. The defendants also alleged that the criminal investigations records requested were not public records, except for the initial report, because the matter involved an "open and pending investigation," citing La. R.S. 44:3.

4

contention that the website did not refer a person to any public records request resource at the time she made her requests, such that she was entitled to rely upon La. R.S. 44:1(A)(3), which designates the head of a public body as the custodian of that body's records.

The defendants filed an answer to the suit wherein they generally denied the plaintiff's allegations and then set forth the allegations from their exceptions.

The district court held a hearing on June 13, 2023, and at the beginning of the hearing, stated that the exceptions needed to be taken up before it heard the writ of mandamus. The district court indicated that depending on what happened with the exceptions, it would then take up the mandamus. The defendants initially asked the court to take judicial notice of the Terrebonne Parish charter and its ordinances, and they filed nine exhibits into evidence, which included copies of specific ordinances certified by the Assistant Clerk of the Terrebonne Parish Council.[5] The defendants also offered as an exhibit Resolution No. 16-155-A, adopted by the Terrebonne Parish Council on April 11, 2016, appointing Mr. Black custodian of TPCG's public records. The plaintiff did not object to the admission of the evidence.

The defendants called Mr. Black as a witness. He testified that he was employed by TPCG, which had designated him as the records custodian for Terrebonne Parish in 2016, and he had operated as the custodian since that time.

---

[5] The defendants offered the following ordinances into evidence: (1) Section 1-01 (establishing the Home Rule Charter government for Terrebonne Parish); (2) Section 1-02 (establishing the president-council form of government for Terrebonne Parish); (3) Section 1-03 (setting forth Terrebonne Parish boundaries); (4) Section 1-04 (forming TPCG by consolidating the city of Houma with Terrebonne Parish); (5) Section 4-09 (providing in pertinent part that the Chief of Police, appointed by the TPCG President, is the head of the Police Department); (6) Section 4-01 (providing in part that all departments, offices, and agencies are under the TPCG's President's supervision, and the heads of all departments created under the charter are appointed by the President subject to approval by the council and serve at the President's pleasure); (7) Section 7-01 (providing that legal process against the Parish government shall be served upon the President or in his absence upon the presiding officer of the Council); (8) Sections 1-05 and 1-06 (providing for the general and special powers of TPCG); and (9) Section 2-105 (providing for the custodian of public records to authorize any examination of public records).

According to Mr. Black, the Police Department was a department of TPCG. Mr. Black testified that TPCG had a website on which he was listed as the designated records custodian, and the public records request form was there for people to request public records online. The form was admitted into evidence. On the first page, beneath the caption "**Public Records Request**," was the following:

Mr. Mart Black, Records Custodian
Contact Mr. Black at the email address and number to the right, or
submit your request using this online form.

The remainder of the page contained Sections 2-104 through 2-106 of the Terrebonne Parish ordinances regarding public records followed by an acknowledgment that the person requesting records had read the *"Parish code of public records request and I agree with the terms and service payment of 25 cents per sheet."* Below that language were boxes to check indicating agreement or disagreement with the terms. The next page was also entitled "**Public Records Request**" and contained a form to be filled out to request information. Beneath the phrase "Request Info" and above a blank box labelled "Information Requested" was the statement, "*\*When requesting public records of an individual through Houma Police Department, be sure to include that individual's date of birth.*"

Mr. Black testified that when he received such a public records request, he sent it to the appropriate department to collect the records, which were then sent to him. Mr. Black reviewed the records, made any redactions under the PRA, and then emailed the public records to the requestor. According to Mr. Black, if someone within "the Terrebonne Parish" received a public records request, it was supposed to be forwarded to him. Mr. Black testified that if the public records request was for emails, he could direct the Information Technology Department to search the emails retained on the server and send them to him. He testified that when he received a public records request, he had to determine whether the record was exempt from disclosure based on approximately one hundred exemptions. Mr.

6

Black agreed that he sometimes used legal counsel to make those determinations. He testified that he had not received a public records request from the plaintiff.

On cross-examination, Mr. Black acknowledged that he was not appointed as custodian of the Police Department's records by either the Police Department or the Chief. Mr. Black replied negatively when asked if there was a place on the Police Department's website where a person could request public records or directing a requestor to Mr. Black as the custodian of its records. When asked if there was language on the first page of TPCG's website stating that a person could request public records from the Police Department, Mr. Black referred to the exhibit the defendants had filed and specifically to the statement at the bottom of the second page of TPCG's website informing those requesting public records for an individual through the Police Department to include the individual's date of birth. Mr. Black further testified that the Police Department was in possession of its records. When asked if the Police Department had "custody and control" of its records, Mr. Black answered that the Police Department had "possession of those records." Mr. Black testified that he did not receive any requests from the Police Department regarding the plaintiff's requests. When asked about the last time he had received a request that was forwarded to him from the Police Department, Mr. Black stated that someone in the Police Department emailed him a request that he or she had received from the requestor within "the last couple of weeks." Mr. Black testified that he did not have the authority to designate anyone as a designated public records custodian.

Defendants' counsel attempted to call the plaintiff as a witness, but her counsel stated that she was a resident of another state and that she had not been

7

subpoenaed.[6] The plaintiff submitted no evidence or testimony in opposition to the defendants' exceptions.

After the parties argued the exceptions as instructed by the district court, the court initially sustained the peremptory exception raising the objection of nonjoinder of parties, stating that TPCG and Mr. Black were necessary parties, that the Police Department was a department of TPCG, and that Mr. Black was the designated custodian of records. The district court then found that because the Terrebonne Parish President and Council chairperson had not been served, it sustained the declinatory exception raising the objection of improper service of process. As to the peremptory exception raising the objection of no cause of action, the district court sustained the exception, stating that based on the evidence, which it said it was allowed to consider, the plaintiff did not submit her public records request to TPCG's designated custodian. Accordingly, on June 28, 2023, the district court signed a judgment wherein it sustained the defendants' peremptory exception raising the objections of no cause of action and no right of action and the defendants' dilatory exception raising the objection of insufficiency of service of process and dismissed the plaintiff's writ of mandamus.[7] From this judgment, the plaintiff has appealed.

---

[6] We note that, at the time the defendants called the plaintiff as a witness, the district court was not hearing the merits of the writ of mandamus, but was hearing the exceptions. See La. C.C.P. art. 929(A) ("The declinatory exception, the dilatory exception and peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case.") The defendants' counsel argued that the plaintiff was not in court for the writ of mandamus, then objected to the exhibits attached to the plaintiff's petition because she was not in court to verify that she actually sent the emails and the letter attached to her petition, which was unsigned. The plaintiff's counsel responded that there was a witness in court who could verify that the defendants received the plaintiff's emails. The district court pointed out that the exhibits were not in evidence.

[7] When a judgment is silent as to whether it is dismissed with or without prejudice, the dismissal must be without prejudice. **Allen v. Allen**, 2016-0407 (La. App. 1 Cir. 12/22/16), 210 So.3d 477, 480.

8

## DISCUSSION

### Declinatory Exception—Objection of Insufficiency of Service of Process

On appeal, the plaintiff contends that the district court erred in sustaining the defendants' exceptions, which included one raising the objection of insufficiency of service of process. Louisiana Code of Civil Procedure article 925(A)(2) pertinently provides that the objections which may be raised through the declinatory exception include the objection of insufficiency of service of process, including the "failure to request service of citation on the defendant within the time prescribed by Article 1201(C)."[8] "[A]n objection to insufficiency of citation or service of process under La. C.C.P. art. 925 'is properly leveled at the form of the citation' and also 'focuses on the person to whom citation is delivered or on the manner in which delivery is made.'" **Filson v. Windsor Court Hotel,** 2004-2893 (La. 6/29/05), 907 So.2d 723, 726 (quoting Maraist, Frank L. and Lemmon, Harry T., *Louisiana Civil Law Treatise,* Vol. 1, § 6.5, p. 108).

The defendants excepted to the plaintiff's service of process because service was not made on TPCG and/or Black. However, because TPCG and Black were not named defendants, service was not required to be made on them, and the

---

[8] Louisiana Code of Civil Procedure article 1201 states, in pertinent part:

> B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.

> C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

> D. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Article, notwithstanding insufficient or erroneous service.

exception cannot be raised by the defendants as to non-parties. See La. C.C.P. arts. 925(A)(2), 1201. Thus, this assignment of error has merit and the district court erred in sustaining the defendants' declinatory exception raising the objection of insufficiency of service of process.

### Peremptory Exception—Objections of No Cause of Action and Nonjoinder of a Party under La. C.C.P. arts. 641 and 642

The defendants also asserted the peremptory exception raising the objections of no cause of action and nonjoinder of a party under La. C.C.P. arts. 641 and 642. The peremptory exception raising the objection of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993); **Labranche v. Landry**, 2022-0461 (La. App. 1 Cir. 12/15/22), 357 So.3d 395, 405. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable solely on the face of the petition and any attached documents, with the well-pleaded allegations of fact accepted as true. See **Agrifund, LLC v. Radar Ridge Planting Co., Inc.**, 2019-1528 (La. 11/25/19), 283 So.3d 492, 492 (*per curiam*); **Carr v. Sanderson Farms, Inc.**, 2016-1064 (La. App. 1 Cir. 2/17/17), 215 So.3d 437, 440. Louisiana jurisprudence recognizes an exception to the rule against the admission of evidence to support or controvert an exception of no cause of action—when evidence is admitted without objection, such as in the instant case, it may be considered by the court as enlarging the pleadings. **Midland Funding LLC v. Welch**, 2022-0823 (La. App. 1 Cir. 2/24/23), 361 So.3d 1022, 1027 n.5. Moreover, judicial notice can be taken of ordinances pursuant to La. C.E. art. 202,[9] where, as in this case, the defendants asked for the district court to take judicial notice of the ordinances and

---

[9] See footnote 3.

10

filed a copy into the record; thus, the ordinances are properly reviewable in determining the exception of no cause of action. **Bayou Liberty Association, Inc. v. St. Tammany Parish Council**, 2005-1228 (La. App. 1 Cir. 6/9/06), 938 So.2d 724, 728-29. The burden of demonstrating that a petition fails to state a cause of action is on the exceptor, and an appellate court reviews a ruling on the exception *de novo*. **Midland Funding LLC**, 361 So.3d at 1026. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. **Scheffler v. Adams & Reese, LLP,** 2006-1774 (La. 2/22/07), 950 So.2d 641, 647.

Nonjoinder of a party under La. C.C.P. arts. 641 and 642 is a peremptory exception. La. C.C.P. art. 927(A)(4). Louisiana Code of Civil Procedure article 641 states that a person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Louisiana Code of Civil Procedure article 642 provides that if a person described in La. C.C.P. art. 641 cannot be made a party, the district court shall determine if an action should proceed among the parties before it or should be dismissed.

A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. **Industrial Companies, Inc. v. Durbin**, 2002-0665 (La. 1/28/03), 837 So.2d 1207, 1217; **Rainey v. Entergy Gulf States, Inc.**, 2001-2414 (La. App. 1 Cir. 7/2/03), 859 So.2d 63, 65, <u>writ denied</u>, 2003-2107 (La. 11/14/03), 858 So.2d 426. Courts are to determine whether a party

11

should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved. **Farooqui v. BRFHH Shreveport, LLC**, 53,816 (La. App. 2 Cir. 4/14/21), 316 So.3d 579, 582, writ denied, 2021-00654 (La. 9/27/21), 324 So.3d 100. An adjudication made without making a person described in La. C.C.P. art. 641 a party to the litigation is an absolute nullity. **Grezaffi v. Carroll**, 2022-0229 (La. App. 1 Cir. 4/6/23), 2023 WL 2806604, *9-10 (unpublished opinion). On appeal, appellate courts review a district court's ruling on a peremptory exception raising an objection of nonjoinder of a party under an abuse of discretion standard. **Hodge v. Babin**, 2018-0834 (La. App. 1 Cir. 12/21/18), 2018 WL 6717012, *6 (unpublished opinion).

The plaintiff's petition for a writ of mandamus falls under the PRA. Article XII, Section 3 of the Louisiana Constitution provides that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law." Moreover, the right of access to public records guaranteed under this provision is a fundamental right, and whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access. **New Orleans Bulldog Society v. Louisiana Society for the Prevention of Cruelty to Animals**, 2016-1809 (La. 5/3/17), 222 So.3d 679, 683. The Louisiana Legislature codified this right in the PRA, La. R.S. 44:1, *et seq.* As with the constitutional provision, the PRA should be construed liberally, and any doubt must be resolved in favor of the right of access. **Landis v. Moreau**, 2000-1157 (La. 2/21/01), 779 So.2d 691, 695; **Angelo Iafrate Construction, L.L.C. v. State ex rel. Department of Transportation and Development**, 2003-0892 (La. App. 1 Cir. 5/14/04), 879 So.2d 250, 254, writ denied, 2004-1442 (La. 9/24/04), 882 So.2d 1131.

The right to examine records under the PRA is set forth in La. R.S. 44:31(B)(1) and (2), which provides in pertinent part that "any person of the age of

12

majority may inspect, copy, or reproduce any public record" or "obtain a copy or reproduction of any public record." Furthermore, La. R.S. 44:31(A) and (B)(3) establish that "[p]roviding access to public records is a responsibility and duty of ...[the] custodian" of those records and that "[t]he burden of proving that a public record is not subject to inspection, copying, or reproduction ... rest[s] with the custodian." The PRA requires that the custodian of a public record shall present it to any person of the age of majority who so requests. La. R.S. 44:32(A).

Louisiana Revised Statutes 44:1(A)(3) defines the "custodian" as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." "Public body" is defined in La. R.S. 44:1(A)(1) as:

> As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function, or an affiliate of a housing authority.

As to the responsibility of the public body to make the contact information of the custodian available, La. R.S. 44:33.1(A) states:

> Each public body that has a custodian of public records shall make the contact information of the custodian available to the public in a manner that will allow a member of the public to quickly determine the appropriate person to whom a public records request should be submitted, including by placing such information on the internet.

As for the procedure when public records are absent, La. R.S. 44:34 states:

> If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.

Public records must generally be made available "immediately"; however, the PRA recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to production. See La. R.S. 44:33; **Roper v. City of Baton Rouge/Parish of East Baton Rouge**, 2016-1025 (La. App. 1 Cir. 3/15/18), 244 So.3d 450, 459. Under the PRA, the custodian must timely respond to the requestor by: (1) immediately presenting a public record that is immediately available, or if not immediately available, certifying such to the requestor and fixing a time within three days for the exercise of the right, La. R.S. 44:33(B)(1); (2) notifying the requestor within three days of each request of any questions by the custodian as to whether a record is a public record, La. R.S. 44:32(D); or (3) within five days of each request, providing a written estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of the request, La. R.S. 44:35(A). **Brumfield v. Village of Tangipahoa**, 2021-0082 (La. App. 1 Cir. 12/20/21), 340 So.3d 221, 228-29.

Enforcement of the Public Records Law is governed primarily by La. R.S. 44:35. Louisiana Revised Statutes 44:35(A) provides that:

> [a]ny person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the [PRA,] either by a determination of the custodian or by the passage of five days, ... may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages ... in the district court for the parish in which the office of the custodian is located.

Thus, the six requirements for invoking the mandamus remedy under the PRA are: (1) a request must be made, La. R.S. 44:32(A); (2) the requestor must be a "person," La. R.S. 44:31; (3) the request must be made to a "custodian," La. R.S. 44:1(A)(3); (4) the document requested must be a "public record," La. R.S.

14

44:1(A)(2);[10] (5) the document requested must exist, La. R.S. 44:35; and (6) there must be a failure by the custodian to respond to the request, La. R.S. 44:35(A). **Labranche**, 357 So.3d at 404.

In this case, the main issue on appeal in resolving the peremptory exception raising the objections of no cause of action and nonjoinder of parties concerns the identity of the custodian of the public records at issue. The word "custodian" is defined by La. R.S. 44:1(A)(3) as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." As the plaintiff alleged in her petition, she contends that, under the PRA, the Police Department was the public body having custody or control of the requested public records, and that because she could not determine the identity of the Police Department's custodian, the Police Department Chief was the legislatively-designated custodian of the Police Department's records, unless he "specifically authorize[d]" a representative to respond to requests to inspect any such public records under La. R.S. 44:1(A)(3).[11] Moreover, while a statutorily-designated

---

[10] Louisiana Revised Statutes 44:1(A)(2)(a) defines "public records" as:

> All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including electronically stored information or information contained in databases or electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, ... except as otherwise provided in this Chapter or the Constitution of Louisiana.

[11] We also note that while the defendants contend that the Police Department was not a separate juridical entity, Section 1-04(b) of the ordinances states, "The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, share revenues and shared taxes peculiar to municipal governments."

15

custodian such as the Police Department Chief may specifically designate a representative, the custodian's contact information must be made available to the public under La. R.S. 44:33.1(A).

In considering whether the plaintiff stated a cause of action in her petition after review of the attached exhibits, the ordinances, and the testimony and evidence submitted by the defendants without objection, we are mindful that the defendants had the burden of proof and that any doubt must be resolved in favor of the right of access under the PRA. See **Kunath v. Gafford**, 2020-01266 (La. 9/30/21), 330 So.3d 161, 166 n.6; **Angelo Iafrate Construction, L.L.C.**, 879 So.2d at 254. The defendants established that TPCG was a public body with Mr. Black as its designated custodian. However, if Mr. Black was considered the Police Department's custodian because it was a department of TPCG, the defendants did not establish that his contact information was made available to the public so that the plaintiff could "quickly determine the appropriate person to whom a public records request should be submitted" under La. R.S. 44:33.1(A). The plaintiff alleged that the Police Department was a public body and nothing submitted by the defendants disproved the Police Department's status as a public body under the PRA. She also alleged that she submitted her public records request to the Police Department Chief because she could not determine the identity of the Police Department's custodian. Again, nothing submitted by the defendants clearly showed that Mr. Black was the Police Department's custodian and that the public should have known that requests to the Police Department for public records should be submitted to Mr. Black. See La. R.S. 44:33.1(A) (requiring a public body that has a public records custodian to make the custodian's contact information available in a manner allowing the public to quickly determine the appropriate person to whom a public records request should be submitted). Therefore, the plaintiff could submit her public records request to

the Police Department Chief, who had a duty to either respond to the public records request in writing or to specifically authorize a representative to do so.

Moreover, although the defendants argued that the plaintiff was not entitled to the records pursuant to La. R.S. 44:3(A)(1) because the underlying criminal investigation was still open,[12] they were still required under law to respond to the plaintiff's request and to consider La. R.S. 44:3(K)(1), which allows the victim of an offense to review and copy records of the offense against the victim unless the agency certifies in writing that the matter is subject to actual or reasonably anticipated criminal litigation. As La. R.S. 44:3(K)(3) provides, "Nothing in this Subsection shall be construed to prohibit an agency from in its discretion allowing a victim of an offense or his family member to review or copy any record related to the offense, provided the agency determines it would not reasonably impair any ongoing investigation or prosecution." Therefore, we find that the plaintiff's assignment of error has merit, and the district court erred in sustaining the defendants' peremptory exception raising the objection of no cause of action.

As to the peremptory exception raising the objection of nonjoinder of parties, we must determine if the district court abused its discretion in determining that TPCG and Mr. Black must be joined as parties to the suit. The defendants established that TPCG was a public body with Mr. Black as its designated custodian, although, as earlier noted, they did not show that, because Mr. Black was TPCG's, and therefore, the Police Department's custodian, his contact information was made available to the public so that the plaintiff could "quickly determine the appropriate person to whom a public records request should be submitted" under La. R.S. 44:33.1(A). Mr. Black testified that when a department

---

[12] Louisiana Revised Statutes 44:3(A)(1) provides that records or the information contained therein held by police departments that pertain "to pending criminal litigation or any criminal litigation which can be reasonably anticipated" are generally not required to be disclosed "until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section ...."

17

within TPCG, such as the Police Department, received a public records request, that department would forward it to him for action. He stated that shortly before the hearing, he had received such a request from the Police Department. Thus, even if Mr. Black and TPCG were not joined as defendants in this suit, complete relief can be adjudicated because the Police Department should have forwarded the plaintiff's request to Mr. Black for action. <u>See</u> La. C.C.P. art. 641(1).

The second provision of La. C.C.P. art. 641(2) requires TPCG and Mr. Black's joinder if they "[claim] an interest relating to the subject matter of the action and [are] so situated that the adjudication of the action in [their] absence may either: (a) [a]s a practical matter, impair or impede [their] ability to protect that interest" or "(b)[l]eave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations." However, since public records requests submitted to the Police Department were to be sent to Mr. Black and he was to respond to them, the adjudication of this matter in his absence will not practically impair TPCG's ability to protect its interest or subject the defendants to the risk of incurring multiple or inconsistent obligations.

Both the Police Department and TPCG meet the definitions of a public records custodian in this case since the Police Department as the original custodian had physical possession of the records, and TPCG as the subsequent public body obtaining custody of either the original public record or a copy, duplicate, photograph, microfilm, or other reproduction of the public record under La. R.S. 44:1(A)(2)(a), had custody or control over the records. <u>See</u> **Shane v. Parish of Jefferson**, 2014-2225 (La. 12/8/15), 209 So.3d 726, 745-46. To require the plaintiff to join as a party a person who she was unaware was a custodian when she initially submitted her request to and filed suit against the original custodian of the records would contradict the legislative goal of the PRA, to resolve all doubt in favor of the public's expansive and unrestricted right to access to public records

that the PRA guarantees. Moreover, as noted by this court, "The duty to allow examination and inspection of public documents, as defined by state statute, addresses itself to the rights, powers and duties of government, not structure, organization or distribution of authorized powers and functions." **Bartels v. Roussel**, 303 So.2d 833, 837 (La. 1974). If TPCG chose to handle public records request by designating a custodian, it could do so, but that designation could not be used to deny a public records request submitted to the custodian of a public body where the designated custodian's contact information was not made available to those submitting public records requests to the Police Department. Therefore, this assignment of error has merit, and the district court erred in sustaining the peremptory exception raising the objection of nonjoinder of parties.

## CONCLUSION

For the stated reasons, we reverse the June 28, 2023 judgment sustaining the peremptory exception raising the objections of no cause of action and nonjoinder of parties and the dilatory exception raising the objection of insufficiency of service of process filed by the Houma Police Department and Travis Theriot and Dana Coleman, individually and in their official capacities as the acting and former Chiefs of the Police Department, and dismissing Chloe Brubaker's petition. This matter is remanded for further proceedings. All costs of this appeal in the amount of $1,586 are assessed to the defendants, Houma Police Department and Travis Theriot and Dana Coleman, individually and in their official capacities as the acting and former Chiefs of the Police Department.

**REVERSED AND REMANDED.**